IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN CUFF, | : | |
|         Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN TIRE DISTRIBUTORS, INC., et al., | : | No. 2:20-cv-00784-RAL |
|         Defendants | : | |

### MEMORANDUM OPINION

**Richard A. Lloret**                                                                     November 8, 2021
**U.S. Magistrate Judge**

### I. Introduction and Procedural History

On October 19, 2021, I entered judgment on a motion for summary judgment in favor of Defendants American Tire Distributors, Inc., and Kevin Sotak. Doc. No. 41-43. On October 29, 2021, Plaintiff Evan Cuff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)(1) and Local Civil Rule 7.1(g). Doc. No. 44. For the reasons set forth below, I will deny Mr. Cuff's motion for reconsideration.

### II. Standard of Review

"The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation omitted). Accordingly, a district court will only grant a party's motion for reconsideration in one of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Id.*

Federal courts have a strong interest in the finality of judgments. *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D. Pa. 1995). Accordingly, at least at the district court level, motions for reconsideration should be granted sparingly— "[t]he parties are not free to relitigate issues the court has already decided." *Rottmund v. Cont'l Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D. Pa. 1992) (quoting *Johnson v. Twp. of Bensalem*, 609 F.Supp. 1340, 1342 (E.D. Pa. 1985)) (internal quotation omitted). Stated another way, dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa. 1993); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (a motion for reconsideration may not be used to give a litigant a "second bite at the apple"). A motion for reconsideration may only address "'factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Jarzyna v. Home Properties*, *L.P.*, 185 F.Supp.3d 612, 622 (E.D. Pa. 2016) (citing *Glendon Energy Co.*, 836 F. Supp. at 1122).

### III. Discussion

Mr. Cuff argues for reconsideration of my judgment on three grounds: (1) he exhausted his administrative remedies with respect to his disability claims (Doc. No. 44, at 3-4); (2) his disability discrimination claims were well pled in the complaint such that no amendment was required to present them under the Pennsylvania Human Relations Act ("PHRA") § 955 (Doc. No. 44, at 4); and (3) material facts remain in dispute which require his case to be heard before a jury (Doc. No. 44, at 5-6). I find that none of Mr. Cuff's claims entitle him to reconsideration of my grant of summary judgment in favor of Defendants.

### A. Mr. Cuff's Charge of Discrimination Is Not New Evidence Which Can Now Be Considered.

Mr. Cuff first argues that the Court failed to recognize that he had in fact exhausted his administrative remedies, and he attaches his Charge of Discrimination before the Pennsylvania Human Relations Commission to substantiate this claim. Doc. No. 44, at 3-4; Doc. No. 44-1. Since Mr. Cuff's filing of his Charge of Discrimination was a requirement for filing this suit in federal court, this Charge of Discrimination is not evidence that was previously unavailable, meaning I cannot now consider it. *See Cohen*, 869 F.Supp. at 321. Thus, I will not grant Mr. Cuff's motion for reconsideration on the ground that he exhausted his administrative remedies.

### B. Mr. Cuff's Disability Discrimination Claims Were Not Sufficiently Well Pled in His Complaint to Place Defendants on Notice.

Mr. Cuff next claims that his disability discrimination claims were well pled in his complaint and that he did not need to amend his complaint to present them under the PHRA. Doc. No. 44, at 4. I find that Mr. Cuff did not adequate plead a claim of disability discrimination in violation of the PHRA.

This Court has adopted the Eleventh Circuit's standards for analyzing whether a complaint is a "shotgun complaint," or a complaint which fails to meet the pleading standards outlined in the Federal Rules of Civil Procedure. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (Robreno, J.). The Eleventh Circuit has outlined four categories of shotgun complaints:

> a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separat[e] into a different count each cause of action or claim for relief; and (4) a complaint that assert[s] multiple claims against multiple defendants without

3

> specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (internal quotations omitted)). Mr. Cuff's complaint not only contains multiple counts which adopt the allegations of all proceeding counts, *see* Doc. No. 1, at 12-17 (Compl. ¶¶ 65-95), but also pleads facts about disability discrimination without clearly connecting them to any cause of action, *see id.* at 8-9, 12-17 (Compl. ¶¶ 34-40, 65-95). I therefore find that Mr. Cuff's complaint satisfies the definition of a shotgun complaint, meaning that it has not "provide[d] the defendant with sufficient notice of the claims asserted." *See Bartol*, 251 F. Supp. 3d at 859 (quoting *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)) (internal quotation omitted).

In his complaint, Mr. Cuff explicitly writes that he raises a claim of discrimination in violation of the PHRA due to alleged discrimination "because of Plaintiff's race, color, gender and sex." *Id.* at 16 (Compl. ¶ 88). Mr. Cuff then writes "Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955." *Id.* (Compl. ¶ 89). On its face, Mr. Cuff presents no claim of disability discrimination under the PHRA. Mr. Cuff's complaint alleges facts about disability discrimination, *id.* at 8-9 (Compl. ¶¶ 34-40), and quotes the PHRA's statutory text encompassing disability discrimination, *id.* at 15 (Compl. ¶ 87). However, Mr. Cuff cannot claim that he pled disability discrimination under the PHRA just because he makes a vague reference to the relevant statutory provision without making even a cursory connection of the facts to the legal claim. Mr. Cuff's disability discrimination claim under the PHRA is thus insufficiently pled to place Defendants on notice of this claim. *See Bartol*, 251 F. Supp. 3d at 859.

4

In any event, Mr. Cuff failed to establish a prima facie claim of disability discrimination under the PHRA. Courts review "ADA and PHRA claims simultaneously, because the Acts serve the same goals and are interpreted coextensively." *Castellani v. Bucks Cnty. Mun.*, 351 F. App'x 774, 777 (3d Cir. 2009) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)). As I established in my memorandum opinion granting summary judgment in favor of Defendants, even if Mr. Cuff had satisfactorily pled a violation of the ADA, his claim would not be able to survive summary judgment. *See* Doc. No. 41, at 10-16. Because I found that Mr. Cuff fails to present a prima facie case of disability discrimination under the ADA, I also find that Mr. Cuff fails to present a prima facie case of disability discrimination under the PHRA.

Relatedly, Mr. Cuff also states in his motion that he "alleged in the complaint that the offer was revoked because Defendants believed that Mr. Cuff suffered from a disability under the ADA," Doc. No. 44, at 3, and he "filed a civil action complaint alleging discrimination based on Mr. Cuff's disability under the ADA," *id.* at 4. There is no reference to the ADA or its citation in the U.S. Code anywhere in Mr. Cuff's complaint. Saying that something is so does not make it so, no matter how confidently the "say so" is uttered. There is nothing to reconsider.

### C. Mr. Cuff's declaration is insufficient to establish that material facts remain in dispute.

Mr. Cuff's final argument is that material facts remain in dispute which require his case to be heard before a jury. Doc. No. 44, at 5-6. In making this argument, Mr. Cuff alleges that his declaration is the only means by which he could present facts supporting his claim, and he argues without substantiation that he was unable to develop this claim

5

by any other means during the course of discovery. *Id.* I find this argument to be without merit.

Mr. Cuff claims that his declaration does not contradict any prior testimony, nor does it contradict the evidence in this case. *Id.* at 5. As I explained in my memorandum opinion granting summary judgment, I find this to be a meritless assertion. *See* Doc. No. 41, at 11-13. As to Mr. Cuff's alleged inability to develop this testimony in any other manner, it is immaterial to me that Defendants did not ask about exchanges between Mr. Cuff and Mr. Sotak while deposing Mr. Cuff. *See* Doc. No. 44, at 5. It is also immaterial to me that Defendants did not ask Mr. Cuff about his disability discrimination claim during his deposition. *Id.* Mr. Cuff's counsel could have asked about the allegations of disability discrimination in any of the depositions undertaken during discovery. Mr. Cuff's counsel could have also worked with Defendants in compiling the joint appendix to present the evidence concerning disability discrimination that he allegedly uncovered during the course of discovery. *See* Doc. No. 38, at 2 ("[T]hrough discovery, Plaintiff, Evan Cuff has unearthed evidence that his claim for disability discrimination is his strongest claim."). Mr. Cuff has not presented any concrete evidence suggesting to me that he was unable to prepare and file this declaration or any supporting evidence as part of the joint appendix.

Mr. Cuff has also not presented any evidence as to why his counsel could not cooperate with Defendants' counsel on preparing the joint appendix, *see* Doc. No. 35-2, at 1, which my rules clearly require when submitting evidence in conjunction with a motion for summary judgment, *see* The Honorable Richard A. Lloret, Policies and Procedures, U.S. Dist. Ct. for the E. Dist. Of Pa. 3, https://www.paed.uscourts.gov/documents/procedures/llopol.pdf. If Mr. Cuff indeed

6

only could submit the declaration after the joint appendix was filed, he should have sought leave with me to do so, as my policies and procedures require. *See id*. As I said in my memorandum opinion, my policies and procedures exist to ensure that disputes are resolved justly, fairly, and efficiently. *See* Doc. No. 41, at 13. Mr. Cuff and his counsel may not just make up unsubstantiated rationales for evading my rules and expect to be granted a pass.

In any event, as I outlined in extensive detail in my memorandum opinion granting summary judgment, I find the timing and the lack of substantive evidence supporting the declaration to raise sufficient doubt to prevent me from crediting it in full. *Id*. at 11-13. I also remind Mr. Cuff that, since discovery is now closed in this matter, he would have to present specific and credible evidence to show that there is a genuine issue for trial to survive a motion for summary judgment. Fed. R. Civ. P. 56(e). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. While it is not my job to weigh the credibility of evidence on a motion for summary judgment, "if it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the trial judge to conclude that no reasonable jury could accord that affidavit evidentiary weight and that summary judgment is appropriate." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007) (quoting *Baer v. Chase*, 392 F.3d 609, 625 (3d Cir. 2004)). Simply put, Mr. Cuff cannot tell me that this affidavit is his only piece of evidence regarding his disability discrimination claim after the close of discovery and expect his claim to survive a motion

for summary judgment. The time for reliance on unsubstantiated and unchallenged statements is long over in this case.

## IV. Conclusion

For the reasons described, I will deny Plaintiff's motion for reconsideration of my order granting summary judgment in favor of Defendants.

                              **BY THE COURT:**

                              *s/ Richard A. Lloret*
                              **RICHARD A. LLORET**
                              **U.S. MAGISTRATE JUDGE**